IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BILLY CANNON,

        Plaintiff,

v.

REED RICHARDSON,

        Defendant.

Case No. 15-cv-537-pp

**ORDER SCREENING PETITION AND REQUIRING RESPONSE**

On May 4, 2014, Billy Cannon, representing himself, filed a petition pursuant to 28 U.S.C. §2254, asserting that his state conviction and sentence violated the Constitution. Dkt. No. 1. The complaint alleges that the petitioner pled guilty to one count of possession of a firearm by a felon, and that the Milwaukee County Circuit Court entered a judgment of conviction. Id. at 2. The court sentenced the petitioner to two years of imprisonment and two years of extended supervision. Id. Currently, the petitioner is incarcerated at Stanley Correctional Institution. Id. at 1.

The petition raises four claims. Dkt. No. 1 at 7-10. First, the petitioner argues that his trial attorney in Milwaukee County Circuit Court provided ineffective assistance of counsel in violation of the Sixth Amendment, because that attorney did not file a Fourth Amendment motion to suppress a tape recording. Id. at 7-8. The petitioner next argues that the trial court should have suppressed the tape recording under the Fourth Amendment. The petitioner

1

alleges that the informant who made the recording entered his home without a warrant. Id. at 8-9. Somewhat confusingly, in this same claim, the petitioner argues that a search warrant—as far as the court can tell, executed by an "Agent Gray"—and the criminal complaint contain false statements, and he requests a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). Third, the petitioner argues that the state failed to disclose impeaching or exculpatory information to him, or did not timely provide it, in violation of Brady v. Maryland, 373 U.S. 83 (1963). Id. at 9-10. Finally, the petitioner asserts that the "State of Wisconsin Court of Appeals fail [sic] to follow clearly established Federal Law and the Standards for Review in a failure to follow DE NOVO Review Standards of Cannon's appeal based on Federal Standard Application." Id. at 10. He phrases this claim in another way later in the petition: "Failure to follow clealry [sic] established Federal Law and Standard for Review of the Contrary to Clause of the AEDPA is a Substantive Due Process Violation resulting in reversal." Id. at 14.

In order to decide whether to allow this case to move forward, the court first must determine whether the petitioner appears, on the face of his complaint, to have exhausted his state remedies on these claims. Section 2254 states, "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." The United States Court of Appeals for the Seventh Circuit has held that a district court judge cannot consider the merits of a

2

petitioner's habeas argument "unless the state courts have had a full and fair opportunity to review them." Farrell v. Lane, 939 F.2d 409, 410 (7th Circ. 1991). This means, basically, that before a person can get a federal judge to review his arguments on a habeas petition, that person first must appeal the issue all the way up to the highest court in the state for a ruling on the merits. Lieberman v. Thomas, 505 F.3d 665, 669 (7th Cir. 2007) (citations omitted). When a federal judge reviews a petition and realizes that the petitioner has not exhausted his state-court remedies, the judge may either dismiss the case entirely, stay the federal case to let the petitioner go back to state court to exhaust his remedies, or allow the petitioner to amend his petition to remove the unexhausted claims. 28 U.S.C. §2254(b)(1)(A). *See also* Dressler v. McCaughtry, 238 F.3d 908, 912 (7th Cir. 2001); Rose v. Lundy, 455 U.S. 509, 510 (1982); Rhines v. Weber, 544 U.S. 269, 278 (2005).

The petitioner alleges in his complaint that he appealed the four issues he raises here to the Wisconsin Court of Appeals on May 1, 2014, and that the Court of appeals affirmed the Milwaukee County Circuit Court's rulings on November 12, 2014. Dkt. No. 1 at 4. He further alleges that on December 8, 2014, he filed a petition for review of all four of the issues with the Wisconsin Supreme Court, and that the Court denied that petition on February 10, 2015. Id. Based on the assertions the petitioner makes on the face of his petition, it appears that he has exhausted his state remedies, and thus that this court can move on to the question of whether his claims are the type for which a federal court can grant habeas relief. The court notes, however, that it has not made a

3

full review of whether the plaintiff properly exhausted all four claims, or whether he has procedurally defaulted on any of those claims; the respondent may raise objections to exhaustion or default in his pleadings.

The court now moves to consider whether the petitioner has raised claims for which federal habeas relief might be available. Section 2254(a) allows a federal district court to consider the merits of a habeas petition when the petitioner claims "that he is in custody in violation of the Constitution or laws or treaties of the United States." Rule 4 of the Rules Governing §2254 Cases requires a district court to "screen" a §2254 petition, to make sure the petition alleges a claim for which a federal court may grant habeas relief. That rule says:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

In "screening" a §2254 petition, the court tries to figure out whether the petitioner has laid out cognizable constitutional or federal law claims.

The petitioner's first claim—that he received ineffective assistance of counsel when his trial lawyer failed to file a suppression motion—is a claim based on the Sixth Amendment to the Constitution. That amendment guarantees a defendant in a criminal trial the right to have "assistance of counsel for his defense;" to be meaningful, that assistance must be effective. *See* Strickland v. Washington, 466 U.S. 668 (1984). Thus, the court finds that

4

the petitioner's first claim is one for which a federal court could grant habeas relief.

The petitioner's second claim alleges violations of the Fourth Amendment's protection against "unreasonable searches and seizures." The court is not entirely clear at this point on what, exactly, the petitioner is alleging—does he argue that the confidential informant somehow conducted a search or seizure? Or is he alleging that Agent Gray conducted an illegal search or seizure? At this point, however, the court does not have to know all of the contours of the petitioner's claim. It need only determine that he has alleged a claim recognizable under the Constitution or laws of the United States. The court finds that the petitioner has alleged such a claim in his second ground.

The petitioner's third ground is founded in the Supreme Court's 1963 decision in Brady v. Maryland, 373 U.S. 83 (1963), which held that the prosecution in a criminal case violates the constitutional right to due process if it withholds evidence "upon request . . . where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Id. at 87. Because the petitioner's third ground alleges a violation of the due process clause of the Fifth Amendment, this ground states a claim for which a federal court can provide habeas relief.

The petitioner's final claim is more difficult to assess. On page 10, the petitioner states that the Court of Appeals did not follow "Federal Law and the Standards for Review in a failure to follow DE NOVO Review Standards . . . based on Federal Standard Application." Dkt. No. 1 at 10. The petitioner does

not say which federal law the court of appeals failed to follow; he does not provide a statute number or a provision of the Constitution. He indicates that the Court of Appeals did not use a de novo standard of review, but does not explain why he believes that a de novo standard was required, or which claim he thinks the court ought to have subjected to a de novo standard.

Further down, on page 14, he states the claim differently. This time, he states that the Court of Appeals did not follow federal law and "Standard for Review of the Contrary to Clause of the AEDPA," which he states "is a Substantive Due Process Violation resulting in reversal." "AEDPA" is the Antiterrorism and Effective Death Penalty Act of 1996—the name of the act that is now 28 U.S.C. §2254. The portion of the statute to which it appears the petitioner refers is §2254(d)(1), which states that that a federal judge can't grant habeas corpus relief on a claim which was adjudicated on its merits in state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." So all that §2254(d) says is that this court can't grant habeas relief on any claim that the Milwaukee County Circuit Court adjudicated on the merits unless that adjudication resulted in a decision contrary to clearly-established federal law.

As discussed above, the petitioner doesn't explain which standard of review the Wisconsin Court of Appeals used on which claim. He does not explain why that standard of review was wrong. And he does not explain how the Wisconsin Court of Appeals' alleged use of the wrong state standard of

6

appellate review was contrary to clearly established *federal* law. The court finds, therefore, that ground four of the petition does not state a claim for which a federal court may grant habeas relief.

For the above reasons, the court **ORDERS** that the petitioner may proceed on the first, second, and third grounds listed in his petition (the Sixth Amendment claim, the Fourth Amendment claim, and the Due Process claim). The court **ORDERS** that the prisoner's fourth ground does not state a claim for which a federal court may grant habeas relief.

The court **ORDERS** that within sixty days of the date of this order, the respondent shall **ANSWER OR OTHERWISE RESPOND** to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has **forty-five (45) days** following after the respondent files his answer to file his brief in support of his petition;

(2) the respondent has **forty-five (45) days** after the petitioner files his initial brief to file the respondent's brief in opposition; and

(3) the petitioner has **thirty (30) days** after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion, the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion

within **forty-five (45) days** of the date the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within **thirty (30) days** of the date the petitioner files the opposition brief.

Pursuant to Civil Local Rule 7(f), briefs in support of or in opposition to the habeas petition and any dispositive motions shall not exceed **thirty (30)** pages, and reply briefs may not exceed **fifteen (15)** pages, not counting any statements of facts, exhibits and affidavits.

Pursuant to the Memorandum of Understanding between the Attorney General and this court, the court will send a copy of the petition and this order to the Attorney General for the State of Wisconsin and to the Warden of Stanley Correctional Institution.

Dated at Milwaukee, this 22nd day of May, 2015.

BY THE COURT:

_____
HON. PAMELA PEPPER
**United States District Court Judge**