IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BILLY CANNON,   Case No. 15-cv-537-pp

    Petitioner,

v.

REED RICHARDSON,

    Respondent.

**DECISION AND ORDER DENYING PETITIONER'S SECOND MOTION TO APPOINT COUNSEL (DKT. NO. 13), DENYING PETITIONER'S MOTION FOR DISCOVERY (DKT. NO. 16), AND DENYING PETITIONER'S MOTION FOR JUDICIAL QUESTION (DKT. NO. 18)**

### I. SECOND MOTION TO APPOINT COUNSEL

On September 8, 2015, the petitioner filed a second motion to appoint counsel. Dkt. No. 13. The Criminal Justice Act allows a court to appoint counsel for a person seeking relief under §2254 if "the court determines that the interests of justice so require" and if the person is "financially eligible." 18 U.S.C. §3006A(a)(2). Appointment of counsel for habeas petitioners is within the district court's discretion, and is governed by standards similar to those followed with plaintiffs proceeding *in forma pauperis* in civil cases. Wilson v. Duckworth, 716 F.2d 415, 418 (7th Cir. 1983); Jackson v. Cnty. of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992). The Seventh Circuit has found that "due process does not require appointment of counsel for indigent prisoners pursuing state postconviction remedies or federal habeas relief." Pruitt v. Mote, 503 F.3d 647, 657 (7th Cir. 2007). While "an indigent civil litigant may ask the

1

district court to request an attorney to represent him *pro bono publico*," "no constitutional or statutory right to court-appointed counsel" exists "in federal civil litigation." Id. at 649.

To determine whether it will appoint counsel in a habeas case, the court asks: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate himself?" Id. at 654. The Seventh Circuit has not explicitly defined "reasonable attempt to obtain counsel." It has affirmed one court's requirement that the petitioner provide the names and addresses of at least three attorneys that the petitioner reached out to and who turned him down. Romanelli v. Suilene, No. 07-C-19, 2008 WL 4681778 (W.D. Wis. Mar. 23, 2007), aff'd, 615 F.3d 847, 852 (7th Cir. 2010).

On May 22, 2015, the court denied without prejudice the petitioner's first motion to appoint counsel, because the petitioner had not shown that he had met the first Pruitt requirement—that he had "made reasonable attempts to find his own lawyer." Dkt. No. 8 at 3. With the second motion to appoint counsel, the petitioner asserts that his daughter helped him contact three attorneys and that none of those efforts resulted in the retention of counsel. Dkt. No. 13 at 3.

First, the petitioner reached out to Attorney William Burke. Dkt. No. 13 at 3. According to the petitioner, he and his daughter paid a retainer to Attorney Burke and then lost contact with counsel. Id. The petitioner attached

2

several letters to his motion. The first letter, addressed to Attorney Burke, shows the petitioner's efforts to retain counsel for assistance with two petitions for *habeas* relief. Dkt. No. 13-1 at 1-2. The second letter, addressed to the petitioner, shows Attorney Burke requesting a retainer of $2,500 per petition or $5,000 total. Id. at 3-4. The petitioner also attached a copy of a cashier's check in the amount of $2,500 to Attorney Burke, dated July 9, 2015. Id. at 5. The petitioner alleges that he subsequently lost contact with Attorney Burke. Dkt. No. 13 at 3. Attorney Burke has not made an appearance in this case.

The petitioner also attached a copy of a letter to Attorney Joshua Uller, dated June 12, 2015. Dkt. No. 13-1 at 6. Along with that letter, the petitioner provided a copy of the envelope, indicating that the postal service had returned the letter to the petitioner indicating that no such address existed. Id. at 8. See also Dkt. No. 13 at 3. Attorney Uller has not made an appearance. Finally, the petitioner attached a copy of a letter addressed to Attorney Michael Backes, dated June 12, 2015. Dkt. No. 13-1 at 9. The petitioner alleges that he never received a response from Attorney Backes. Dkt. No. 13 at 3. Attorney Backes has not appeared. As a result of the facts alleged and the evidence attached to his motion to appoint counsel, the court finds that the petitioner has satisfied the first Pruitt requirement and has made reasonable efforts to retain counsel.

The court next must determine whether the second Pruitt requirement is satisfied—is the case so complex that the petitioner is not competent to handle it himself. In his second motion to appoint counsel, the petitioner asserts that the case will require expert witnesses, "lots of investigation," and evaluation of

3

evidence. Dkt. No. 13 at 4. He states that he cannot present the case himself "because of the overwhelming amount of documents obtained . . ., the limited resources of the Law Library within the institution . . .," and the "complexity of this case." Id.

While the court understands that the petitioner is not an attorney and that he has limited resources, at this time, the case remains in the early stages, and has not yet reached a stage where any party would need to present evidence. The court notes that the petitioner's motion to appoint counsel, as well as his letters to lawyers, are well-written and well-argued. As discussed further below, the petitioner also has demonstrated, in his motion for discovery (Dkt. No. 16), that he has the ability to review the documents, to analyze the pleadings and the exhibits, to formulate legal argument and to file relevant pleadings. The respondent has filed his brief in support of his petition and in response to the respondent's answer, along with an offer of proof; this demonstrates that the respondent was able to understand and respond to the petitioner's arguments thus far. Dkt. Nos. 14, 15. All of these filings demonstrate the petitioner's ability to proceed on his own. The court will deny without prejudice the motion to appoint counsel. If the court later requires an evidentiary hearing or witness testimony, the petitioner may renew his motion at that time.

## II. MOTION FOR DISCOVERY

In addition to filing a second motion to appoint counsel, the petitioner also filed a motion for discovery. Dkt. No. 16. The petitioner notes that, on July

4

24, 2015, the respondent filed an answer to the petition. Id. at 2; see also Dkt. No. 12. He alleges that the respondent did not "indicate what transcripts are available," did not state "when [the transcripts] can be furnished," and did not "furnish those portion[s] of the transcripts which [the respondent] believe[s] relevant." Dkt. No. 16 at 2. The petitioner provides a list of transcripts "that can be checked against factual allegation" and another list of "transcript[s] missing." Id. at 3-4.

The petitioner consistently references Rules 5 and 6 of the Federal Rules of Civil Procedure. The court believes that the petitioner actually means to cite Rules 5 and 6 of the Rules Governing Section 2254 Cases. Rule 5(c) of the Rules Governing Section 2254 Cases requires the respondent's answer to "indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed," and "[t]he respondent must attach . . . [the] parts of the transcript that the respondent considers relevant." Id. The court "may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished." Id. Finally, "[i]f a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence." Id. If a party seeks discovery, he "must provide reasons for the request."

Rule 6 of the Rules Governing Section 2254 Cases gives a district court judge the discretion to, "for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of

5

discovery." "If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed." Id. The petitioner, as the party requesting the discovery, "must provide reasons for the request," "must also include any proposed interrogatories and requests for admission, and must specify any requested documents." Rule 6(b), Rules Governing Section 2254 Cases.

The United States Supreme Court requires the district court "to provide the necessary facilities and procedures for an adequate inquiry" if the petitioner has presented "specific allegations" that give "the court . . . reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief." Harris v. Nelson, 394 U.S. 286, 300 (1969). But "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). "In order to meet the Rule 6(a) requirements, [the petitioner] must (1) make a colorable claim showing that the underlying facts, if proven, constitute a constitutional violation; and (2) show 'good cause' for the discovery." Henderson v. Walls, 296 F.3d 541, 553 (quoting Harris, 394 U.S. at 298-300)), vacated for other reasons, 123 S. Ct. 1354 (2003). A court will deny a motion for discovery "if based on conclusory allegations or a laundry list of records sought, since it would contravene the purpose of the good cause standard." Payano v. Grams, No. 10-C-475, 2011 WL 5854980 (E.D. Wis. Nov. 22, 2011) (citing Ward v. Whitley, 21 F.3d 1355, 1367 (5th Cir. 1994)).

6

The respondent's answer in this case includes a section entitled, "Transcripts." Dkt. No. 6-7. According to the respondent, Exhibits 9 through 30 contain transcripts from the petitioner's initial appearance, the preliminary hearing and bail motion, the preliminary hearing and arraignment, a scheduling conference, two bail hearings, a status conference, the final pretrial, several motion hearings, the three-day jury trial, the guilty-plea hearing, a status conference and adjournment, further proceedings, and the sentencing hearing. Id. The respondent attached each of these transcripts to the answer. See Dkt. Nos. 12-9 through 12-35. The respondent asserts that "these are all the transcripts in the Milwaukee County Circuit Court file for Cannon's case." Dkt. No. 12 at 7.

The court finds that the respondent has complied with Rule 5(c) of the Rules Governing 2254 Cases. The court also finds that Rule 6(b) requires the petitioner to state reasons for seeking discovery and to provide more than a list of requested or missing documents. Although the petitioner in this case has provided a list of transcripts he thinks are necessary and missing from the respondent's answer, he has not provided any reasons for why the missing transcripts are necessary, nor has he specifically connected the missing portions to his constitutional claims. In spite of the fact that he did not have these transcripts, the petitioner was able to write and file a response to the respondent's answer (Dkt. No. 14) and an offer of proof (Dkt. No. 15). Therefore, the court will deny without prejudice the petitioner's motion for discovery.

7

### III. MOTION OF JUDICIAL QUESTION

Finally, on September 18, 2015, the petitioner filed a "Motion of Judicial Question of Permission to Proceed." Dkt. No. 18. The petitioner seeks leave "to file a cognizable claim to test the illegality of his detention . . . because the constitutional violation give [sic] rise to exceptional-aggravated circumstances under" 42 U.S.C. §1983. Id. He wishes "to proceed in this court" because this court has familiarity "with the facts of this case and the constitutional violation involved." Id.

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to . . . release . . . his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriquez, 411 U.S. 475, 500 (1973). In contrast, a prisoner who challenges "the conditions under which he is being held . . . must use a §1983 . . . theory." Glaus v. Anderson, 408 F.3d 382, 386 (7th Cir. 2005). "[A] petitioner requests either a 'quantum change in the level of custody,' which must be addressed by habeas corpus, or 'a different program or location or environment,' which raises a . . . claim" under §1983. Id. at 388 (quoting Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991).

In addition to the legal reasons for keeping habeas petitions separate from civil rights claims brought under §1983, the court notes several practical reasons for not allowing the petitioner to bring his civil rights claim within his *habeas* case. A *habeas* case has a $5 filing fee, while §1983 cases have a $350 filing fee. While the court may waive the $5 fee in habeas cases, the Prison

8

Litigation Reform Act (28 U.S.C. §1915) prohibits a federal court from waiving the $350 fee in §1983 cases, and the prisoner cannot use a "combo" or "hybrid" case to avoid paying the larger §1983 filing fee. Further, *habeas* cases have different standards of review than §1983 cases, and there are different procedures for screening, briefing and processing the two kinds of cases.

If the petitioner wishes to raise constitutional issues regarding his detention at Stanley Correction Institution, he may file a separate case under 42 U.S.C. §1983. There is no guarantee that such a case will be assigned to this court; cases are assigned randomly, and parties do not get to choose which judge handles their cases.

### IV. CONCLUSION

The court **DENIES WITHOUT PREJUDICE** the petitioner's second motion for appointment of counsel (Dkt. No. 13).

The court also **DENIES WITHOUT PREJUDICE** the petitioner's motion for discovery (Dkt. No. 16).

Finally, the court **DENIES** the petitioner's Motion for Judicial Question (Dkt. No. 18).

Dated at Milwaukee, this 19th day of October, 2015.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge

9

Case 2:15-cv-00537-PP   Filed 10/19/15   Page 9 of 9   Document 20