UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

BILLY CANNON,

   Petitioner,

v.                                                                              Case No.   15-C-537

REED RICHARDSON,

   Respondent.

_____

## ORDER DIRECTING APPOINTMENT OF COUNSEL
_____

The petitioner filed this habeas corpus action on May 4, 2015. The action remained largely dormant for more than four years until April 28, 2020, when the petitioner filed a motion seeking an evidentiary hearing, appointment of counsel, and to supplement to the record. I directed the State to respond to the motion, and the petitioner has now filed a reply (styled as a "motion to reply.") Although the State believes the petitioner's guilty plea bars consideration of his ineffective assistance and *Brady* claims, in some cases ineffective assistance or *Brady* violations can themselves be grounds for excusing a procedural default. *Crivens v. Roth*, 172 F.3d 991, 995 (7th Cir. 1999) ("We will not penalize Crivens for presenting an issue to us that he was unable to present to the state courts because of the state's misconduct.") It is unclear if this is one of those circumstances. A petitioner must also show prejudice to get past a procedural default, and here the petitioner has not adequately explained how his case was impacted by the alleged constitutional violations. Finally, for a *Brady* claim, a petitioner must demonstrate that evidence was wrongfully withheld, and it remains unclear

whether the State did that in this case. In short, despite extensive briefing, the factual and legal underpinnings of the petitioner's arguments remain opaque. I conclude, therefore, that the interests of justice would be served by appointing counsel to sort out and explain the nature of the petitioner's ineffective assistance and *Brady* claims, and whether those claims should be heard in this habeas action despite the apparent procedural default.

Accordingly, assuming the petitioner qualifies financially, the Federal Defender Services of Wisconsin is directed to appoint counsel to represent the petitioner pursuant to the Criminal Justice Act. Once appointed, counsel may propose a schedule for further briefing on this petition.

**SO ORDERED** this 9th day of June, 2020.

STEPHEN C. DRIES
United States Magistrate Judge